UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| MELVIN BRANHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:14-cv-00580 |
| v. ) | REEVES/SHIRLEY |
| ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

and

| | |
|---|---|
| MELVIN BRANHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | No. 3:15-cv-00083 |
| MICHAEL DONAHUE, Warden, ) | REEVES/SHIRLEY |
| ) | |
| Respondent. ) | |

## MEMORANDUM and ORDER

On December 10, 2014, Melvin Branham ("Petitioner"), a prisoner confined in the Bledsoe County Correctional Complex, in Pikeville, Tennessee, filed a pro se petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his 2012 Sevier County, Tennessee conviction for especially aggravated robbery. The petition was opened as a new case, *Branham v. State of Tennessee,* No. 3:14-CV-580. Because the petition was insufficient in certain respects, the Court entered an order on January 21, 2015, pointing out those deficiencies, directing the Clerk to send Petitioner a form petition, and advising Petitioner that unless, within thirty (30) days of that date, he amended his § 2254 petition by filing out the form petition in its entirety, signing

it, and returning it to the Clerk's Office, the Court would assume that he did not desire to proceed in the matter and would dismiss his case without prejudice.

Petitioner complied with that order and returned a completed, signed petition. However, the returned form petition was inadvertently opened as a new case, *Branham v. Donahue*, No. 3:15-CV-83, rather than being recognized as being the amended petition which the Court had invited Petitioner to file in its deficiency order. Thus, at this point in time, there are two separate, pending § 2254 cases, but only one true habeas corpus petition.

Therefore, because the completed, amended petition is contained in the latter case, *Branham v. Donahue*, No. 3:15-CV-83, the Court will **DISMISS without prejudice** the first habeas corpus case which was opened, *Branham v. State of Tennessee,* No. 3:14-CV-580. Obviously, Respondent need not file an answer or other response to the petition in No. 3:14-CV-580.

In addition, because the Court entered an order granting Petitioner's motion to proceed *in forma pauperis* in *Branham v. State of Tennessee*, No. 3:14-CV-580 [Docs. 3,4], the Clerk is **DIRECTED** to refile the *in forma pauperis* motion and the order granting the motion in *Branham v. Donahue*, No. 3:15-CV-83.

The Court has reviewed the petition in No. 3:15-CV-83 and **DIRECTS** the Clerk to serve copies of the petition in that case and this Memorandum and Order on Respondent and the Attorney General for The State of Tennessee.

Since it does not plainly appear from the face of the petition that it should be summarily dismissed, Respondent is hereby **ORDERED** to answer or otherwise respond to the petition within thirty (30) days from the date of this Order. Rule 4, Rules Governing Section 2254 Cases

In The United States District Courts. Respondent should specifically address whether the petition was timely filed and whether Petitioner has exhausted his available state court remedies. 28 U.S.C. §§ 2244(d), 2254(b).

Although a reply is not necessary, if Petitioner wishes to file a reply, he **SHALL** file that reply within thirty (30) days from the date Respondent files his answer with the Court. Rule 5(e), Rules Governing Section 2254 Proceedings In The United States District Courts. Any reply should not exceed twenty-five pages; must directly reply to the points and authorities in the Warden's answer; and must not to be used to reargue the points and authorities included in the petition or to present any new issues. *See* E.D. Tenn. L.R. 7.1(b) and (c).

A separate order will enter **DISMISSING without prejudice** *Branham v. State of Tennessee*, No. 3:14-CV-580.

**SO ORDERED**.

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**

3

Case 3:14-cv-00580-PLR-CCS   Document 5   Filed 02/08/17   Page 3 of 3   PageID #: 15